**WALLING v. J. FRIEDMAN & CO., Inc., et al.**

District Court, S. D. New York.

Feb. 23, 1945.

See, also, 4 F.R.D. 384.

Irving Rozen, Regional Attorney, of New York City, for plaintiff.

Otterbourg, Steindler & Houston, of New York City, for defendants.

SYMES, District Judge.

1. Plaintiff brings this action to enjoin defendants from violating the provisions of Section 15(a) (1) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., hereinafter called the Act.

2. Irving Lieblich was not served with process and did not appear in the action.

3. Defendants, Murray Rosenberg, Max Lieblich and Samuel Frank, reside respectively at 359 Fort Washington Avenue, New York, New York; 1421 Fteley Avenue, Bronx, New York; and 1283 East 10th St., Brooklyn, New York, and are co-partners, together with Irving Lieblich, who is presently serving with the Armed Forces of the United States, doing business under the name and style of Rosenberg, Lieblich & Frank.

4. Rosenberg, Lieblich & Frank are now, and have been since at least June 1, 1943, the owners of a place of business and manufacturing plant located at 149 Fifth Avenue, New York City, where they are engaged in the production, sale and distribution of men's overcoats and top coats.

5. Rosenberg, Lieblich & Frank since on and before June 1, 1943 have had a substantial part of their overcoats and topcoats produced by the S. & A. Clothing Co., Inc., a contractor with a place of business and manufacturing plant at 257 Varet Street, Brooklyn, New York.

6. A substantial part of all the goods produced by the employees of S. & A. Clothing Co., Inc., for Rosenberg, Lieblich & Frank during the period beginning on or

about June 1, 1943 have been, and are now being produced for interstate commerce.

7. The goods produced by the employees of S. & A. Clothing Co., Inc., have subsequently been shipped, delivered, transported, offered for transportation and sold in interstate commerce from the place of business of Rosenberg, Lieblich & Frank at New York, New York, to, into and through states other than the State of New York.

8. Since at least on or about June 1, 1943, S. & A. Clothing Co., Inc., has employed many of its employees in the production of overcoats and topcoats for Rosenberg, Lieblich & Frank, and since that date S. & A. Clothing Co., Inc., has employed the aforesaid employees for workweeks in excess of 40 hours per week without compensating these employees for their employment in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were employed.

9. Rosenberg, Lieblich & Frank shipped about 80 percent of their total production from their place of business located in New York, New York, to various points outside the State of New York.

10. Since on or about June 1, 1943, Rosenberg, Lieblich & Frank have sold, shipped, delivered, transported, and offered for transportation in interstate commerce from their place of business at New York, New York, to, into and through states other than the State of New York, overcoats and topcoats in the production of which many of the employees of S. & A. Clothing Co., Inc., were employed for workweeks longer than 40 hours and for which hours in excess of 40 per week the employees of S. & A. Clothing Co., Inc., were compensated at rates less than one and one-half times the regular rates at which they were employed.

11. Rosenberg, Lieblich & Frank since on or about June 1, 1943 shipped, delivered, sold, transported, and offered for transportation in interstate commerce overcoats and topcoats with knowledge that the said overcoats and topcoats were produced by the employees of S. & A. Clothing Co., Inc., and with knowledge that the employees of S. & A. Clothing Co., Inc., were not compensated for hours worked in excess of 40 per week at one and one-half times their regular rates of pay.

12. Rosenberg, Lieblich & Frank took no affirmative action until July 7, 1944, to ascertain that the overcoats and topcoats produced for them by the employees of S. & A. Clothing Co., Inc., were not being produced by the said employees in violation of the overtime provisions of the Fair Labor Standards Act of 1938.

## Conclusions of Law

■ 1. The employees of S. & A. Clothing Co., Inc., were, and are now employed in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act.

2. The employees of S. & A. Clothing Co., Inc., since on or about June 1, 1943 and up to at least the commencement of this action on June 23, 1944, were employed in the production of goods for interstate commerce in violation of the provisions of Sections 7 and 15(a) (2) of the Fair Labor Standards Act.

3. Since on or about June 1, 1943 and up to at least the said 23rd day of June 1944, Rosenberg, Lieblich & Frank have repeatedly shipped goods in interstate commerce in violation of the provisions of Section 15(a) (1) of the Fair Labor Standards Act.

■ 4. Knowledge by Rosenberg, Lieblich & Frank, the shipper of the goods in interstate commerce, that their goods were produced by their contractor, S. & A. Clothing Co., Inc., in violation of the Fair Labor Standards Act is not a prerequisite to charging them with violation of Section 15(a) (1) of the Act.

■ 6. Discontinuance by defendants of violations of Section 15(a) (1) after the commencement of the action does not deprive this Court of its power under proper circumstances to issue an injunction.

■ 7. The Court in this case has the discretion to determine whether an injunction should issue in accordance with traditional practices of equity courts, as conditioned by the necessities of the public interest which Congress has sought to protect. This discretion should not be exercised grudgingly and the court should exercise its discretion so as to attain the prescribed end of the Fair Labor Standards Act and the large objectives of that Act. The standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief, and the court's discretion should reflect an acute awareness of the Congressional admonitions set forth in Section 2(a) of the Fair Labor Standards Act.

8. Under all the circumstances of this case, the Court's discretion should be exercised against the issuance of an injunction at this trial. In the event of future violations by the defendants, or any of them, the plaintiff may, upon 30 days' notice to the said defendants, or their attorneys, apply at the foot of the decree herein for injunctive relief such as is provided by law.